HUFFT, J. Pro Tern.,
concurs.
I concur in the holding that J. Percy Monroe died rich in comparison with his surviving spouse, Mrs. Dulcie S. Monroe, and that Mrs. Monroe is entitled to the marital portion of one-fourth in usufruct. In making that determination I considered the $16,155.00 note with Robert J. Monroe as maker an asset of the succession. In arriving at Mrs. Monroe’s assets as of the time of her husband’s death, I included the Harrison County, Mississippi Bearer Bonds but excluded the credits to the TIAA and CREF Annuity Contracts.
I further concur in the holding that other than the $10,811.00 of insurance proceeds and Social Security death benefits Mrs. ■ Monroe’s assets are not subject to deduction from the marital portion. Whatever doubt may have existed before, it is clear that since the passage of Act 710 of 1979 (effective January 1, 1980) under R.C.C. Article 2435 only a legacy left by the decedent to the surviving spouse and payments due to her resulting from the death are deductible from the marital portion.